**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMAD TAYSEER IZZO AL BASHITI, | No. 17-73500 |
| Petitioner, | Agency No. A205-783-526 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Mohammad Tayseer Izzo Al Bashiti, a native and citizen of Jordan, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and denying his motions to reopen and to remand removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001). We review for abuse of discretion the denial of motions to remand and reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Al Bashiti failed to establish that any harm he experienced or fears in Jordan was or will be on account of a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 356-60 (9th Cir. 2017) (discussing the respective nexus requirements for asylum and withholding of removal claims). Thus, Al Bashiti's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Al Bashiti failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government of Jordan. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Al Bashiti's motion to remand where Al Bashiti failed to demonstrate that the new evidence he sought to submit would likely have changed the outcome of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioners who seek to remand proceedings

2                                                                                    17-73500

"bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (citation omitted)).

Al Bashiti does not challenge the BIA's denial of his motion to reopen based on ineffective assistance of counsel. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**